# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Judith M. Rich, et al., | No. CV-11-00511-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| BAC Home Loans Servicing LP, et al., | |
| Defendants. | |

Before the Court is Defendant Bank of America, N.A.'s Supplemental Attorney Fee Submission, (Doc. 474), Plaintiffs' objections, (Doc. 476), and Defendant's response to Plaintiffs' objections, (Doc. 477). The Court previously determined that Defendant is entitled to its reasonable attorneys' fees incurred in defending against Plaintiffs' unfunded loan allegations. (*See* Doc. 472.) To facilitate a determination on the merits, the Court allowed Defendant to file supplemental supporting documentation of the relevant fees. The Court gave Plaintiffs an opportunity to file objections, but limited those objections to the issue of reasonableness and not to Defendant's entitlement pursuant to the fee-shifting provisions in the Note and Deed of Trust, or A.R.S. § 12-341.01(A).[1]

---

[1] Despite this limitation, Plaintiffs raise two objections to Defendant's entitlement to fees. First, Plaintiffs argue that, under A.R.S. § 12-341.01(B), Defendant cannot recover fees it has not actually paid. (Doc. 476 at 5.) Section 12-341.01(B) limits an award of fees to the amount paid or agreed to be paid. Defendant has agreed to pay the amounts itemized. (*See* Doc. 433-1 at ¶ 22.) Second, Plaintiffs argue that Paragraph 9 of the Deed of Trust requires an attorneys' fees award to be added to their debt on the Note, rather than imposed as a separate judgment. (Doc. 476 at 6.) The relevant portion of the

**I. Defendant's Request**

    **A. Unfunded Loan Fees**

Defendant originally requested $41,934.50 in attorneys' fees incurred solely in defense of the unfunded loan allegations ("unfunded loan fees"). (Doc. 474 at Ex. A.) In its reply to Plaintiffs' objections, Defendant acknowledged that it mistakenly included an August 13, 2014 entry of $212.50 for reviewing an unrelated notice of supplemental authority, and mistakenly itemized a September 29, 2014 entry of $425.00 as an unfunded loan fee when that amount was incurred as part of general trial preparation, for which Defendant requests only 20%. (Doc. 477 at 1.) The Court has adjusted Defendant's unfunded loan and general defense fees to account for these corrections. As adjusted, Defendant requests $41,297.00 in unfunded loan fees.

    **B. General Defense Fees**

As adjusted, after April 2014[2] Defendant incurred $25,448.00 in general defense attorneys' fees ("general defense fees"). (Doc. 474 at Ex. B.) These fees were not itemized by claim or legal theory at the time they were incurred. Of this amount, $12,015.50 was incurred for general trial preparation, of which Defendant estimates 20% was attributable to preparation related to the unfunded loan allegations. (*Id.* at 4–5.)

---

paragraph states:

> Any amounts disbursed . . . under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

(Doc. 101 at Ex. 2.) Plaintiffs did not raise this issue in their response to Defendant's original motion for attorneys' fees. Nor have they shown that this provision precludes a separate attorneys' fees judgment. Although this paragraph indicates that an attorneys' fees award becomes secured by the Deed of Trust, Plaintiffs have not shown that it makes a fee award recoverable only through enforcement of the security instrument.

[2] In April 2014, Plaintiffs disclosed the report of Cyndee Rae Estrada, which substantially formed the basis of their unfunded loan theory. In May 2014, they notified Defendant's counsel that they intended to assert their unfunded loan theory at trial. (*See* Doc. 431 at 9.) Defendant itemizes general defense fees incurred after April 2014 because only those fees potentially could encompass work related to the unfunded loan allegations.

Defendant requests a proportional award of $2,403.10 for general trial preparation. (*Id.* at 5.) $7,634.00 was incurred for settlement efforts. (*Id.* at 4.) Defendant requests that it be awarded the full amount of these settlement-related fees because the unfunded loan theory substantially impeded settlement. (*Id.* at 5.) The remaining $5,798.50 was incurred in preparing and defending the deposition of Defendant's trial witness Luis Reyes. (*Id.* at 5–6.) Defendant estimates that 10% of the preparation and deposition time was reasonably related to the unfunded loan allegations. (*Id.* at 6.) Defendant requests a proportional award of $579.85 for these services. Defendant estimates that a total of $10,616.95 of the general defense fees is reasonably attributable to defending against the unfunded loan allegations and requests that the Court add that amount to the overall fee award.

### C. Total Request

In sum, Defendant requests $51,913.95—consisting of $41,297.00 in unfunded loan fees and $10,616.95 in general defense fees—plus fees incurred in preparing the supplemental documentation and replying to Plaintiffs' objections ("supplemental documentation fees"). (Doc. 477 at 6.)

## II. Plaintiffs' Objections

Adjusted for Defendant's corrections, Plaintiffs object to $10,335.50 of the unfunded loan fees as being unrelated to the unfunded loan allegations, or as being inadequately described for purposes of LRCiv 54.2(e). (Doc. 476 at 2, Ex. A.) The Court has reviewed the entries and, after considering Defendant's responses to Plaintiffs' objections, finds that all but fourteen are sufficiently related to the unfunded loan allegations and are adequately described. Many of Plaintiffs' objections are to entries related to discovery issues surrounding the collateral file and the expert report of Cyndee Rae Estrada, who opined that Plaintiffs' home loan did not fund. As Defendant explains in its response to Plaintiffs' objections, Ms. Estrada's report and discovery related to the collateral file was used by Plaintiffs only to support their unfunded loan theory. With the exception of the fourteen entries discussed below, Plaintiffs' objections are overruled.

The Court finds that the following entries are insufficiently related to defending against the unfunded loan allegations, or are not adequately described to permit the conclusion that the fees were incurred in relation to the unfunded loan allegations. Nor has Defendant supplied sufficient information about these entries in its response to Plaintiffs' objections to permit an award for these fees.

- 11/12/2013: "Review e-mail from V. Vitale regarding discovery issues." – $27.00.
- 11/20/2013: "Draft responses to plaintiffs' second requests for admission to Bank of America, second interrogatories to Bryan Cave, email regarding discovery issues." – $459.00
- 12/15/2013: "Draft e-mail to V. Vitale regarding third request for production." – $81.00
- 12/17/2013: "Draft e-mail to V. Vitale regarding discovery questions." – $54.00
- 5/5/2014: "Review factual background and develop strategy." – $170.00
- 7/22/2014: "Draft email to A. Shaumyan regarding status of matter." – $61.00
- 10/9/2014: "Receipt, review of order denying plaintiffs' motion for summary judgment, granting defendants' motion in limine, motion for summary judgment and read 20-page order." – $255.00
- 10/9/2014: "Analyze order granting motion for summary judgment." – $160.00
- 10/9/2014: "Review judgment in a civil case in favor of defendants." – $32.00
- 10/9/2014: "Review summary judgment order." – $61.00.
- 10/10/2014: "Communications with vendor teams regarding summary judgment success, terminating work for damages expert, mock trial team and attention to application for attorneys' fe[e]s and costs." – $212.50
- 10/10/2014: "Communications with S. Thompson regarding success on motion for summary judgment provide order to same." – $42.50.
- 10/14/2014: "Status and strategy wit[h] B. Boone and J. Jackson." – $127.50
- 10/16/2014: "Draft email to A. Shaumyan regarding attorney fee and cost

  demand." – $30.50.

These entries amount to $1,773.00, which will be deducted from Defendant's total fee request.

### B. General Defense Fee Objections

Plaintiffs object to Defendant's request for a portion of its general defense fees as not reasonably attributable to the unfunded loan allegations. The Court previously concluded that Defendant is not entitled to fees incurred in defending against Plaintiffs' statutory and tort claims, but is entitled to fees incurred in defending against Plaintiffs' unfunded loan allegations, contingent upon the submission of supporting documentation that itemizes the legal services rendered in relation to those allegations. Although it might be difficult for Defendant to itemize trial preparation fees by individual claim or legal theory, the Court has no meaningful metric for evaluating the reasonableness of counsel's 20% estimation. Under the circumstances of this case, the Court will not award general defense fees because they cannot verifiably be attributable to the unfunded loan allegations, nor can the reasonableness of the 20% estimation be meaningfully evaluated. Plaintiffs' objection is sustained.

### C. Supplemental Documentation Fee Objections

Finally, Plaintiffs object to Defendant's request for fees incurred in preparing its supplemental fee documentation, arguing that Defendant supplies no authority for such an award. Defendant cites *Gametech International, Inc. v. Trend Gaming Systems, L.L.C.*, 380 F. Supp. 2d 1084, 1101 (D. Ariz. 2005), wherein the court analyzed Arizona cases and concluded that "Arizona law supports the recovery of attorneys' fees incurred in preparing a fee application." However, Defendant did not include a task-based itemization of the fees it incurred in preparing the supplemental documentation. Instead, Defendant requests $2,700.00 incurred in preparing the supplemental submission, plus "any additional fees that may accrue in preparing a reply and participating in any oral argument scheduled by the Court." (Doc. 474 at 7.) Because the fees are not itemized in compliance with LRCiv 54.2(e), the Court cannot meaningfully evaluate the

reasonableness of the request, nor can the Court place a dollar amount on the total fees incurred, as Defendant does not disclose the cost of preparing the reply. Plaintiffs' objection is sustained.

**IV. Conclusion**

For the foregoing reasons, the Court finds that Defendant is entitled to $39,524.00 in attorneys' fees incurred in defending against Plaintiffs' unfunded loan allegations.

**IT IS ORDERED** that Defendant Bank of America, N.A. is awarded attorneys' fees in the amount of $39,524.00.

Dated this 22nd day of April, 2015.

Douglas L. Rayes
United States District Judge