**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Judith M Rich, et al., | No. CV-11-00511-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| BAC Home Loans Servicing LP, et al., | |
| Defendants. | |

At issue is Plaintiffs' Motion to Exonerate and Release Voluntary Supersedeas Bond. (Doc. 496.) The motion is fully briefed. For the following reasons, Plaintiffs' motion is denied.[1]

## BACKGROUND

Plaintiffs initiated this action six years ago, asserting a number of claims related to their efforts to obtain a home loan modification. On October 9, 2014, the Court granted summary judgment in favor of Defendants on all remaining claims. Thereafter, the Court awarded Defendants $39,524.00 in attorneys' fees pursuant to fee-shifting provisions in the Note and Deed of Trust governing Plaintiffs' home loan. Alternatively, the Court found that if the fee-shifting provisions were inapplicable Defendants nonetheless would be entitled to their attorneys' fees under A.R.S. § 12-341.01(A). Plaintiffs appealed both

---

[1] Defendants' request for oral argument is denied because the motion is adequately briefed and oral argument will not help the Court resolve the issues presented. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f).

orders.

On May 28, 2015, with no objection from Defendants, the Court granted Plaintiffs' motion to stay execution of the fee award order upon posting of a supersedeas bond. Specifically, the Court ordered that "upon the posting of the bond, execution of the order awarding [Defendants] attorneys' fees in the amount of $39,524.00 shall be **STAYED** until the Court of Appeals has completed its review of this Court's order and a mandate has issued." (Doc. 490.) On June 2, 2015, Plaintiffs posted a bond with the Court in the form of a cashier's check in the amount of $39,524.00.

After roughly two years of appellate litigation, the Ninth Circuit Court of Appeals issued a memorandum decision affirming the Court's orders granting summary judgment in favor of Defendants and awarding attorneys' fees pursuant to the fee-shifting provisions of the Note and Deed of Trust.[2] *Rich v. Bank of Am., N.A.*, 666 Fed. App'x 635 (9th Cir. 2016). The Ninth Circuit issued its mandate on December 13, 2016. Two days later, Plaintiffs filed the instant motion seeking exoneration of their bond.

## **LEGAL STANDARD**

"The purpose of a supersedeas bond is to secure the appellees from a loss resulting from a stay of execution[.]" *U.S. ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, No. CV 06-01381 PHX NVW, 2010 WL 384594, at *2 (D. Ariz. Jan. 29, 2010). "The posting of a bond protects the prevailing [party] from the risk of a later uncollectible judgment and compensates him for delay in the entry of the final judgment." *N.L.R.B. v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988). "Courts release supersedeas bonds when the bond has served its purpose and no outstanding judgment remains. A supersedeas bond posted for a stay of execution of judgment should be released once all appeals are exhausted, the stay has been lifted and full payment has been made." *Goss Int'l Corp. v. Tokyo Kikai Seisakusho, Ltd.*, No. 00-CV-35-LRR, 2006 WL 4757279, at *3 (N.D. Iowa Aug. 9,

---

[2] The Ninth Circuit concluded that "courts cannot award fees under A.R.S. §12-341.01(A) if the parties provided for attorneys' fees in their contract," but affirmed the Court's primary conclusion that the fee-shifting provisions in the Note and Deed of Trust entitled Defendants to their reasonable attorneys' fees.

2006) (citations omitted).

## **DISCUSSION**

The Ninth Circuit has affirmed the fee award, its mandate has issued, no further proceedings are pending, and by its own terms the stay has expired. It does not appear, however, that Plaintiffs have fully paid the fee award. Plaintiffs nonetheless argue that they are entitled to have their bond exonerated. The crux of their argument is that the fee-shifting provisions in the Note and Deed of Trust require Defendants to add attorneys' fees incurred in the connection with Plaintiffs' default on the Note to the amounts already owed under those instruments. Because Defendants have elected to conduct a non-judicial foreclosure of the subject property, Plaintiffs argue that Arizona's anti-deficiency protections preclude them from recouping their attorneys' fees from anything other than the trustee's sale proceeds. *See* A.R.S. §§ 33-729(A), -814(G). Defendants sold the property at a trustee's sale on February 3, 2017. Plaintiffs therefore contend that Defendants have received all amounts to which they are entitled under Arizona law.

This marks the third time Plaintiffs have pressed this issue. Plaintiffs first advanced this argument in their opposition to Defendants' attorneys' fees motion. The Court rejected it. Plaintiffs reasserted this argument on appeal and it was briefed by both sides. (*See* Doc. 19 at 67-69, Doc. 26 at 45-46 in *Rich v. Bank of Am., N.A.*, No. 14-17190; 15-15885.) Though the Ninth Circuit concluded that fees could not be awarded under *both* the contractual fee-shifting provisions *and* A.R.S. § 12-341.01(A), it affirmed without modification the portion of this Court's order awarding Defendants their attorneys' fees under the Note and Deed of Trust. In so doing, the Ninth Circuit implicitly rejected the argument again at issue here. Plaintiffs are not entitled to a third bite at the apple.

Indeed, Plaintiffs' motion is foreclosed by the "law of the case" doctrine, which precludes a court "from reexamining an issue previously decided by the same court, or a higher court, in the same case." *Richardson v. United States*, 841 F.2d 993, 996 (9th Cir.

1988). The doctrine applies where, as here, the issue was "decided explicitly or by necessary implication in [the] previous disposition." *Liberty Mut. Ins. Co. v. E.E.O.C.*, 691 F.2d 438, 441 (9th Cir. 1982). "This rule of practice promotes the finality and efficiency of the judicial process by protecting against the agitation of settled issues." *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 816 (1988) (internal quotations and citation omitted). Having been explicitly decided by this Court and by necessary implication by the Ninth Circuit, the argument raised by Plaintiffs in their instant motion is "not open to relitigtion." *Mann v. GTCR Golder Rauner, LLC*, 483 F.Supp.2d 864, 870 (D. Ariz. 2007).

## CONCLUSION

Although all appeals have been exhausted and the stay issued by the Court has expired, Plaintiffs are not entitled to exoneration of the supersedeas bond until full payment of the attorneys' fee award has been made. If Plaintiffs refuse to fully pay the fee award or lack the means to do so, Defendants may take appropriate measures to obtain the bond to satisfy the outstanding judgment for which it was posted as security. *See J. Perez & Cia., Inc. v. United States*, 578 F. Supp. 1318, 1320 (D. Puerto Rico 1984) (noting that "the judgment itself can be satisfied out of the supersedeas bond").

**IT IS ORDERED** that Plaintiffs' Motion to Exonerate and Release Voluntary Supersedeas Bond (Doc 496) is **DENIED**.

Dated this 29th day of March, 2017.

Douglas L. Rayes
United States District Judge